IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KAREN HUGHES and
FRANK HUGHES,

        Plaintiffs,

v.                                                          Civ. Action No. 2:09-cv-93

SEARS, ROEBUCK AND CO., and
ICON HEALTH AND FITNESS, INC.,
and JOHN DOE,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL**

This matter comes before the Court on Plaintiffs' Motion to Compel Production of Documents filed September 16, 2010.[1] The Court held an evidentiary hearing and argument on Plaintiffs' Motion on October 8, 2010.[2] Plaintiffs, Karen and Frank Hughes, appeared by Jeffrey D. Van Volkenburg, Esq., in person. Defendant, Sears, Roebuck and Co. (hereinafter "Sears"), appeared by Jeffrey A. Kimble, Esq., in person. No testimony was taken nor was any other evidence adduced.

**I. INTRODUCTION**

A.    Background

This action was initially filed on June 25, 2009 in the Circuit Court of Barbour County, West Virginia seeking recovery for injuries suffered by Plaintiff, Karen Hughes, allegedly resulting from

---

[1] Dkt. No. 56.

[2] Dkt. No. 71.

a treadmill malfunction. Defendants timely removed to federal court under 28 U.S.C. § 1441 on July 29, 2009 alleging diversity jurisdiction. Plaintiffs filed their Motion to Compel on September 16, 2010 requesting the Court to direct Defendant to provide complete responses to Plaintiffs' discovery requests.

B.  The Motions

    1.    Plaintiffs' Motion to Compel.[3]

C.  Decision

Plaintiffs' Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as hereinafter set forth.

## II. FACTS

1.  On September 16, 2010, Plaintiffs filed a Motion to Compel Production of Documents and their Memorandum in Support of Plaintiffs' Motion.[4]

2.  This Court set an evidentiary hearing and argument on Plaintiffs' Motion to Compel on September 21, 2010.[5]

3.  On September 30, 2010, Defendant filed its Response to Plaintiffs' Motion to Compel.[6]

4.  On October 5, 2010, Plaintiffs filed a Reply Memorandum in Support of Their

---

[3] Dkt. No. 56.

[4] Dkt. Nos. 56 & 57, respectively.

[5] Dkt. No. 59.

[6] Dkt. No. 60.

Motion to Compel.[7]

5. On October 8, 2010, the evidentiary hearing and argument was held.[8]

### III. PLAINTIFFS' MOTION TO COMPEL

A. Contentions of the Parties

In their Motion to Compel, Plaintiffs move for an order compelling Sears to produce documents responsive to Plaintiffs' Production Requests Numbers 2 and 5. See Pls.' Mem., Pg. 2 (Dkt. 57). Plaintiffs specifically contend they are entitled to the information requested in Request No. 2 because it is relevant and may lead to discoverable information. Relative to Request No. 5, Plaintiffs highlight Sears's use of boilerplate objections to Plaintiffs' Requests as support which entitles Plaintiffs to their order. Plaintiffs argue such generalized objections are not permitted by the Federal Rules of Civil Procedure because they do not contain an explanation as to why the request is objectionable. Moreover, Plaintiffs contend Sears waived any claim of privilege by failing to timely assert the privilege in its initial response and also by failing to specify the specific documents subject to the privilege in a proper privilege log. Plaintiffs request attorneys' fees and costs against the Defendants pursuant to Fed. R. Civ. P. 37(a)(5).

In opposition to Plaintiffs' Motion, Sears procedurally asserts Plaintiffs did not file their Motion to Compel within the LR Civ. P. 37.02(b) time limits nor within the parties' agreed two-week extension. Sears argues Plaintiffs' Request Number 2 is "overly broad in that it addresses non-treadmill products of ICON Health and Fitness, Inc." See Def.'s Response, Pg. 2 (Dkt. 60).

---

[7] Dkt. No. 61.

[8] Dkt. No. 71.

Sears additionally argues Plaintiffs' Request Number 5 is "overly broad and unduly burdensome" because it would require Sears to produce "all documents that relate in any way to any claim that anyone has filed regarding any actual or alleged malfunctioning of any ICON treadmill going back to the beginning of time." Id. Sears contends the requested information is protected by "the attorney-client privilege and/or work product doctrine" which was properly asserted when Plaintiffs' requests reasonably indicated Plaintiffs were seeking privileged information. Id. at 10-11. Moreover, Sears asserts Plaintiffs' "argument regarding boilerplate objections is similarly hollow" due to the "months of negotiations, supplemental answers and correspondence exchanged" where Sears's objections were cogently detailed. Id. at 12-13. Sears also requests its attorneys' fees and costs.

In Plaintiffs' Reply, Plaintiffs argue the timeliness of their Motion and cite to an email from Plaintiffs' counsel to Sears's counsel dated August 6, 2010 for support that the email "clearly delineates the plan for the filing of any necessary motion to compel...." See Pls.' Reply, Pg. 2 (Dkt. 61). Plaintiffs contend both Request Numbers 2 and 5 satisfy the relevancy requirements under the Federal Rules of Civil Procedure as well as the Federal Rules of Evidence and should be compelled. Plaintiffs argue the requested information will provide evidence of ICON's manufacturing process and remedial measures taken by both Sears and ICON when a defective product emerges. Lastly, Plaintiffs argue Sears should have been on notice of any privilege issues from the beginning because the language in Plaintiffs' Request Number 5 remained unchanged.

B. Discussion

1. **Timeliness of Plaintiffs' Motion to Compel**

Pursuant to Fed. R. Civ. P. 37(a), a party may move for an order to compel discovery or

disclosure from an opposing party where the opposing party fails to respond or where the party's response is evasive or incomplete. Specifically, parties may move for an order compelling an answer to a deposition question, a designation under Rule 30(b)(6) or Rule 31(a)(4), a response to an interrogatory, and a response to a request for production. Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv). To properly file a motion to compel in this Court, a party must submit with the motion a statement setting forth "verbatim each discovery request or disclosure requirement and any response thereto to which an exception is taken." LR Civ P 37.02(a)(1). A motion to compel is "deemed waived if not filed within thirty (30) days after the discovery response...was due, which date is determined in accordance with a rule or by mutual agreement among the parties, unless such failure to file the motion was caused by excusable neglect or by some action of the non-moving party." LR Civ P 37.02(b). The scope and conduct of discovery, however, are within the sound discretion of the trial court. Borden Co. V. Sylk, 410 F.2d 843, 845 (3d Cir. 1969). This discretion, therefore, allows the Court to avoid what may constitute overly "technical" applications of the Rule. Mordesovitch v. Westfield Ins. Co., 235 F. Supp. 2d 512, 518 (S.D.W. Va. 2002).

Plaintiffs argue their Motion is timely given the parties' agreement. Specifically, Plaintiffs contend Exhibit 2 in Plaintiffs' Reply "clearly delineates the plan for the filing of any necessary motion[s] to compel." See Pls.' Reply, Pg. 2 (Dkt. 61). The relevant portion of that email dated August 6, 2010 states Plaintiffs' counsel "will withhold filing until I receive the documents that [Defendant's Counsel] intend to produce for Icon as well as those that Sears now is willing to produce. That way we are truly limiting the issues and filings. *Please confirm if this is acceptable*." See Pls.' Reply, Exhibit 2 (Dkt. 60-1). (emphasis added). Plaintiffs essentially argue this constituted an agreement between the parties. As such, Plaintiffs argue their filing

was timely because the remaining supplemental responses from Sears was received on September 2, 2010 and their Motion to Compel was filed on September 16, 2010.

Sears's counsel, cites to email correspondence dated February 26, 2010 to Plaintiffs' counsel as support that Plaintiffs' Motion is untimely. The relevant portion of Sears's counsel's email states: "[T]here is no need to file a motion to compel in order to meet the 30 day deadline as far as I'm concerned. I won't raise it unless you don't file it within 2 weeks of whenever our discussions break down." See Pls.' Motion, Exhibit 3 (Dkt. 56-1). Sears contends discussions "broke down" on September 1, 2010 when "counsel for Sears sent an e-mail to [P]laintiff's counsel which indicated that 'Sears was not willing to change its position on the recall information.'" See Def.'s Response, Pg. 4 (Dkt. 60). Sears, therefore, argues Plaintiffs' Motion should have been filed on September 15, 2010.

It appears to the Court that the parties were not in agreement regarding the extension of time for the filing of a Motion to Compel. To the extent that Plaintiffs' counsel agreed with Sears's counsel on the two (2) week deadline, the line is a blurry one that is based on the subjective "break down" of the parties' communications. Sears's counsel proffers his email to Plaintiffs' counsel dated February 26, 2010 but offers no support that Plaintiffs' counsel agreed. Plaintiffs' counsel posed an alternative arrangement, in his August 6, 2010 email, that any motion to compel would be filed after Plaintiffs received all documentation from Sears. Plaintiffs' counsel actively sought Sears's counsel's acceptance but, to date, the Court is not aware Sears ever agreed. The Court finds both parties at fault and any timeliness arguments are, accordingly, waived.

    **2.**    **Timeliness of Defendants' Assertion of Privilege & Generalized Objections**

In diversity cases such as this one, the Court applies state law to issues concerning

attorney client privilege and federal law to assertions of the work product doctrine. Nicholas v. Bituminous Cas. Co., 235 F.R.D. 325, 329 n. 2 (N.D. W. Va. 2006).

The West Virginia Supreme Court of Appeals has held there are three elements necessary to the assertion of privilege: "(1) both parties must contemplate that the attorney-client relationship does or will exist; (2) the advice must be sought by the client from the attorney in his capacity as a legal advisor; (3) the communication between the attorney and client must be intended to be confidential." State ex rel. Med. Assur. of W. Va., Inc. v. Recht, 213 W. Va. 457, 466, 583 S.E.2d 80, 89 (2003).

The work product doctrine protects the work of the attorney done in preparation for litigation. Fed. R. Civ. P. 26(b)(3). Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and mental impressions of an attorney. Hickman v. Taylor, 329 U.S. 495, 510, 67 S. Ct. 385 (1947). The Fourth Circuit has described the work product doctrine as follows:

> Under the work product rule, an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation...fact work product is discoverable only upon a showing of both a substantial need an an inability to secure the substantial equivalent of the materials by alternate means without undue hardship. Opinion work product is even more carefully protected, since it represents the thoughts and impressions of hte attorney...an attorney's thoughts are inviolate,...and courts should proceed cautiously when requested to adopt a rule that would have an inhibitive effect on an attorney's freedom to express and record his mental impressions and opinions without fear of having these impressions and opinions used against the client. As a result, opinion work product enjoys nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances.

Chaudhry v. Gallerizzo, 174 F.3d 394, 403 (4th Cir. 1999).

"In showing a substantial need for fact work product, the movant must specifically articulate the necessity for the documents or other tangible things...and must also demonstrate why or how

alternative sources for obtaining the substantial equivalent are unavailable." Tustin v. Motorists Mutual Insurance Co., 5:08-cv-111, 2009 U.S. Dist. LEXIS 4853, at *13-14 (N.D. W. Va. Jan. 23, 2009). A non-exhaustive list of factors to be assessed in determining substantial need includes: 1) the importance of the materials to the party seeking them for case preparation; 2) the difficulty the party will have obtaining them by other means; and 3) the likelihood that the party, even if he obtains the information by independent means, will not have the substantial equivalent of the documents he seeks. Fed. R. Civ. P. 26(b)(3), advisory committee's note, 1970 Amendments.

When a party refuses to produce documents during discovery on the basis that they are privileged or protected, it has a duty to particularize that objection within the 30-day time period provided for discovery responses. Fed. R. Civ. P. 26(b)(5) (2010); Fed. R. Civ. P. 34(b)(2). To qualify as privileged work product, the document must be prepared "because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation. National Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 984 (4th Cir. 1992). The burden is on the party resisting discovery to show that the documents are protected. See United States v. (Under Seal), 748 F.2d 871, 876 (4th Cir. 1984). LR Civ. P. 26.04, in relevant parts, also provides:

> (a)(1) Waiver: Objections to disclosures or discovery that are not filed within the response time allowed by the Federal Rules of Civil Procedure, the scheduling order(s), or stipulation of the parties pursuant to Fed. R. Civ. P. 29, whichever governs, are waived unless otherwise ordered for good cause shown.
>
> (a)(2)(i)(A) Claims of Privilege: Where a claim of privilege is asserted in objecting to any means of discovery or disclosure including, but not limited to, a deposition, and an answer is not provided on the basis of such assertion [t]he attorney asserting the

> privilege shall identify the nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked and certify the attorney had reviewed each document for which privilege is asserted

LR Civ. P. 26.04 (a)(1), (2)(i)(A).

"As the attorney-client privilege and the work product exception may result in the exclusion of evidence which is otherwise relevant and material and are antagonistic to the notion of the fullest disclosure of the facts, courts are obligated to strictly limit the privilege and exception to the purpose for which they exist." State ex. rel. United States Fidelity and Guar. Co. v. Canady, 194 W. Va. 431, 438, 460 S.E.2d 677, 684 (1995). The person asserting the privilege has the burden of showing it applies. Id.

The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery with which parties must comply. The Court begins by reviewing the timeliness of Sears's assertion of privilege. Initially, however, the Court notes it is unclear whether Sears is claiming the attorney-client privilege, the work product doctrine, or both. Throughout the correspondence between the parties and in Sears's Response, Sears's assertion of privilege is ambiguous. For example, in Sears's July 23, 2010 letter Sears's counsel writes "Moreover, our assertion of privilege *and/or* work product...." See Def.'s Response, Pg. 3 (Dkt. 60). (emphasis added). In Sears's Response, Sears again argues "it would assert the privilege *and/or* the work product doctrine." Id. at 13. (emphasis added). This leaves the Court with the impression Sears has not determined which privilege to assert so it attempts to reserve its right to both. This is outside both the Federal Rules of Civil Procedure and Local Rules which require specificity.

Moreover, Sears's arguments opposing discovery must also fail notwithstanding the timeliness issue of Sears's assertion of privilege because Sears did not provide particularized

objections to the disputed discovery requests nor a privilege log. Boilerplate objections to discovery requests, including requests for documents, are inappropriate. See PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D.W. Va. 2004). The Federal Rules of Civil Procedure require particularized objections to allow an opposing party to respond appropriately. Fed. R. Civ. P. 26(g). The Local Rules of Civil Procedure for the Northern District of West Virginia also require a party responding to a motion to compel to "set forth the specific rule, statute or case authority supporting the position of the party responding as to each such discovery request...." LR Civ P 37.02(c). Sears merely recited the familiar litany that Plaintiffs' production requests were "overbroad and unduly burdensome..., and seeks information which is...not reasonably calculated to lead to the discovery of admissible evidence." See Pls.' Mot., Exhibit 1, Pgs. 5-6 (Dkt. 56-1). Additionally, Sears's supplemental answers did not shed light on the specific grounds for Sears's objections but merely restated the objection asserted in Sears's first response to Plaintiffs' First Set of Combined Discovery. See Pls.' Mot., Exhibit 4, Pgs. 5-6 (Dkt. 56-1). Throughout its Response, Sears argues its objections are "cogent and detailed objections which are sufficiently detailed." See Def.'s Response, Pg. 13 (Dkt. 60). It contends Plaintiffs' were aware of Sears's objections because Sears had "articulated specific bases for its objections through the months of good faith negotiation." Id. at 7. A letter, however, is not a formal discovery device appropriate to assert a privilege or to detail an objection. See Schwartz v. Marketing Pub. Co., 153 F.R.D. 16, 21 (D. Conn. 1994). Furthermore, the Rules do not permit objections to be asserted over "months of negotiations." Accordingly, this argument must fail.

Had Sears articulated specific bases for its objections, Sears's discovery response is still deficient. Fed. R. Civ. P. 26(b)(5) requires a party claiming privilege or protecting trial preparation materials to expressly make the claim and provide information sufficient to enable

parties to assess the claim. LR Civ. P. 26.04(a)(2)(B)(1) also requires additional information to be provided in any objection to a discovery request or assertion of a claim of privilege to allow the Court to evaluate the nature of the disputed documents. Sears did not provide sufficient information to assess the claim nor a privilege log describing the documents to be protected but instead cited to <u>In re Muskogee Envtl. Conservation Co.</u>, 221 B.R. 526 (N.D. Okla. 1998). Sears contends <u>Muskogee</u> stands for the proposition that too broad a discovery request negates the requirement that a privilege log be produced. The Court finds <u>In re Muskogee</u> unpersuasive. There, the court found the purpose of the privilege log: to allow the parties to fully litigate and the court to properly determine, the validity of the privilege asserted, was already fulfilled in that case so a privilege log was unnecessary. Here, Sears has provided no basis on which the Court may evaluate Sears's claim of privilege, nor have Plaintiffs been allowed an adequate opportunity to respond to potentially privileged documents. Sears cannot rely on conclusory statements in its Response that "there may be privileged material that Sears would then identify and place on a privilege log" as a proper response to a legitimate discovery request. Accordingly, this Court finds Sears's generalized objections and non-existent privilege log insufficient to properly oppose Plaintiffs' discovery requests.

    **3.    Relevancy of Information Sought**

Unless limited by a court order, parties in civil litigation enjoy broad discovery as detailed in Fed. R. Civ. P. 26(b)(1) which states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who knows of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

"[T]he discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). Discovery, however, like all matters of procedure, has ultimate and necessary boundaries. Oppenheimer Fund, Inc. V. Sanders, 437 U.S. 340, 351 (1978). The discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); see also St. Bernard Sav. and Loan Ass'n v. Levet, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").[26] To be relevant, the information sought must be "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hickman, 329 U.S. at 501. "Even assuming that information is relevant in the broadest sense, the simple fact that the requested information is discoverable...does not mean that discovery must be had." Nicholas v. Wyndham Int'l Inc., 373 F.3d 537, 543 (4th Cir. 2004). Though parties must produce information necessary to establish claims, courts should not permit them "to go fishing." Surles ex rel. Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007) (internal citations omitted). As such, courts retain discretion to determine if a discovery request is too broad or oppressive. Id.

      Plaintiffs argue both their Requests Numbers 2 and 5 satisfy the relevancy requirements under both the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Plaintiffs

---

[26] This court recognizes the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. It recognizes the reasons for this and acknowledges them.

contend documents responsive to their requests would provide evidence of ICON's and Sears's remedial measures taken when a product is defective.

Sears argues Plaintiffs' Request Number 2 is overly broad because it seeks information on other recalled ICON items that have nothing to do with the treadmill which is at issue in the pending litigation. While Sears is willing to provide recall information on ICON treadmills for the preceding five years, Sears finds Plaintiffs' request for recall information for the past ten years to be too burdensome. With regard to Plaintiffs' Request Number 5, Sears contends it is the lack of a time limit that makes this request overly broad and burdensome.

Relevancy for the purposes of Fed. R. Civ. P. 26(b)(1) is construed broadly. Katz v. Batavia Marine & Sporting Supplies, Inc., 984 F.2d 422, 425 (Fed. Cir. 1993). The Court finds the information Plaintiffs' Request Number 2 seeks is relevant for the purposes of allowing discovery. Plaintiffs seek recovery for injuries suffered for an alleged treadmill malfunction manufactured by Icon Health and Fitness and sold by Sears. To meet their burden, Plaintiffs sought "all documents evidencing any recall of any Icon Health and Fitness item sold in a Sears, Roebuck and Co. store over the last twenty (20) years." See Pls.' Mot., Pg. 2, Request 2 (Dkt. 56). A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action. See Thompson v. Department of Housing and Urban Development, 199 F.R.D. 168, 172 (D. Md. 2001) ("[O]ther incidents of the same type, or involving the same product could be properly discoverable...."). Accordingly, Sears's arguments opposing discovery of Request Number 2 must fail. The Court, however, finds the twenty (20) year time limit to be excessive and alters the time frame to seven (7) years. See Rule 26(b)(2) (court may limit discovery to extent discovery requests are unreasonably cumulative, duplicative, burdensome or expensive). Therefore, Sears shall produce all

documents responsive to Request Number 2 that fall within the seven (7) year time frame within 10 days of the date of this Memorandum Opinion and Order.

Relative to Plaintiffs' Request Number 5, Plaintiffs argue they are entitled to this information because Sears failed to assert timely any privilege in Sears's initial responses and, further, Sears did not provide a privilege log. Additionally, Plaintiffs contend the language in their Request Number 5 never changed, therefore, Sears should have been on notice of any privilege issues from Plaintiffs' First Set of Combined Discovery.

Sears argues Plaintiffs' requests were a "moving target which did not fairly give Sears the opportunity to object substantively." See Def.s' Response, Pg. 12 (Dkt. 60). Sears cites to Frontier-Kemper Constructors, Inc. V. Elk Run Coal Co., Inc., 246 F.R.D. 522 (S.D.W. Va. 2007) to provide the Court with a framework to determine whether good cause exists to allow the assertion of objections after the initial discovery response. Sears contends the prejudice to Sears, should Plaintiffs' Motion be granted, would be great given the broad number of years in the request.

Resolution of a motion to compel is generally left within the broad discretion of the District Court. See e.g., Lone Star Steakhouse & Saloon, Inc. V. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995). The Court does not find Plaintiffs' Request Number 5 to be a "moving target" as Sears claims. The language of Request Number 5 in Plaintiffs' First Set of Combined Discovery and in its second request is identical. Sears was or should have been on notice regarding the information Plaintiffs sought. The Court finds Sears's failure to assert timely any specific privilege and, later, a privilege log constitutes a waiver. The Court, however, will limit the time frame of Plaintiffs' request to a period of seven (7) years. Accordingly, Sears shall produce all documents responsive to Plaintiffs' Request Number 5 that fall within the seven (7)

year time frame within 10 days of the date of this Memorandum Opinion and Order.

	4.	**Attorneys' Fees**

Rule 37 of the Federal Rules of Civil Procedure governs imposition of expenses and sanctions for discovery violations. A party may move for an order compelling discovery or disclosure after attempting to obtain discovery without court action. Fed. R. Civ. P. 37(a)(1). Rule 37(a)(3)(B)(i) permits a party to move for an order compelling production or inspection if a party fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34. If the motion is granted in part and denied in part, "the court *may*..., after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(c) (emphasis added). Here, the Court finds it appropriate and just for the parties to bear their own expenses and fees incurred in connection with the instant motion to compel.

C.	Decision

Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.

Sears is **ORDERED** to produce all documents responsive to Plaintiffs' Request Number 2 that relate to ICON treadmills sold by Sears for the previous seven (7) years within ten (10) days of the date of this Memorandum Opinion and Order.

Sears is additionally **ORDERED** to produce all documents responsive to Plaintiffs' Request Number 5 that relate to ICON treadmills sold by Sears for the previous seven (7) years within ten (10) days of the date of this Memorandum Opinion and Order.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be

submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.


**IT IS SO ORDERED.**
DATED: December 2, 2010                    /s/ *James E. Seibert*
                                           JAMES E. SEIBERT
                                           UNITED STATES MAGISTRATE JUDGE