IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KAREN HUGHES and FRANK HUGHES,

    Plaintiffs,

v.                                                                      Civil Action No. 2:09CV93
                                                                     (CHIEF JUDGE JOHN PRESTON BAILEY)

SEARS, ROEBUCK AND CO., and
ICON HEALTH AND FITNESS, INC.,
and JOHN DOE,

    Defendants.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF DAVID J. BIZZAK

This matter comes before the Court on Defendant, Sears, Roebuck & Co.'s (hereinafter "Sears") and Defendant, Icon Health and Fitness, Inc.'s (Icon) Motion to Exclude Testimony of David J. Bizzak filed October 11, 2010.[1] The Court held an evidentiary hearing and argument by telephone on Defendants' motion on November 2, 2010.[2] Plaintiffs Karen and Frank Hughes, appeared by Jeffrey D. Van Volkenburg, Esq. Defendants Sears, Roebuck and Co. (hereinafter "Sears"), and Icon Health and Fitness Center, appeared by Jeffrey A. Kimble, Esq. No testimony was taken nor was any other evidence adduced.

### I. INTRODUCTION

A.     <u>Background</u>

This action was initially filed on June 25, 2009 in the Circuit Court of Barbour County, West Virginia, seeking recovery for injuries suffered by Plaintiff, Karen Hughes, allegedly

---

[1] Doc. No. 65.

[2] Doc. No. 76.

resulting from a treadmill malfunction.  Defendants timely removed to federal court under 28 U.S.C. § 1441 on July 29, 2009 alleging diversity jurisdiction.

B.  The Motion

Defendants' Motion to Exclude Testimony of David J. Bizzak.[3]

C.  Decision

Defendants' Motion to Exclude Testimony of David J. Bizzak is **DENIED** because Mr. Bizzak's opinion is relevant to Plaintiffs' claim, Defendants offered no evidence to challenge Mr. Bizzak's opinion as required by Daubert and the Motion to Exclude is extremely premature.

## II.  FACTS

No testimony or other evidence was adduced at the hearing.  Plaintiffs contend Plaintiff, Karen Hughes, was injured while walking on a treadmill manufactured by Icon and sold by Sears.  It appears Plaintiffs claim the treadmill accelerated rapidly causing plaintiff to fall off the treadmill and injuring her.  It appears Defendants claim David J. Bizzak, Plaintiff's expert, found the treadmill to be in good working order upon examination.  Defendants claim Mr. Bizzak's only conclusion was Plaintiff, Karen Hughes' fall was caused by an "intermittent spurious signal."

The Court notes Mr. Bizzak's report is attached to defendant's Memo in Support of Their Motion.

## III.  THE MOTION TO EXCLUDE TESTIMONY OF DAVID J. BIZZAK

A.  Contentions of the Parties

Defendants, Sears and Icon, contend the opinions of Plaintiff's expert, David J. Bizzak,

---

[3] Doc. No. 65.

are irrelevant to the matters before the Court. Second, Defendants contend that any probative value of Mr. Bizzak's opinions are substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, by considerations of undue delay, and/or waste of time. Finally, Defendants contend Mr. Bizzak's opinions fail to meet the reliability or reliance standards for admissibility of expert opinions.

Plaintiffs contend Mr. Bizzak's report constitutes relevant evidence under Fed. R. Evid. 402 and cannot be excluded under Fed. R. Evid. 403. Second, Defendants have failed to produce any evidence warranty exclusion of Mr. Bizzak's testimony under Fed. R. Evid. 702 as held by Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Finally, Plaintiffs contend Defendants' motion is premature.

B.  Discussion

   1.  **Relevancy of Mr. Bizzak's Testimony to the Issues In This Action**

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Implicit in that definition are two distinct requirements: 1) the evidence must be probative of the proposition it is offered to prove, and 2) the proposition to be proved must be one that is of consequence to the determination of the action. United States v. Hall, 653 F.2d 1002, 1005 (5th Cir. 1981). "Whether a proposition is of consequence to the determination of the action is a question that is governed by the substantive law." Id. "Simply stated, the proposition to be proved must be part of the hypothesis governing the case and a matter that is in issue, or probative of a matter that is in issue, in the litigation." Id. "Problems of relevancy call for an answer to the question whether an item of evidence, when

tested by the processes of legal reasoning, possesses sufficient probative value to justify receiving it in evidence." Advisory Committee Notes on Fed. R. Evid. 401. Moreover, in ruling on the admissibility of evidence, a district court has broad latitude in determining the relevance of evidence. United States v. Molovinsky, 688 F.2d 243, 247 (4th Cir. 1982). Absent a clear showing of an abuse of discretion, the ruling will not be disturbed. Id.

      Defendants' contend Mr. Bizzak's testimony is "irrelevant because it does not have any tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence." See Defs.' Mot. to Exclude, pg. 3 (Dkt. 66). To the contrary, Mr. Bizzak's report concludes that the only plausible explanation for the sudden spontaneous increase on belt speed, as described in Plaintiff's deposition, is that an intermittent spurious signal caused the motor central board on the treadmill to increase in speed. The only fact the Court has is that Plaintiff, Karen Hughes, testified to the belt speed increasing rapidly. The only opinion the Court has is Mr. Bizzak's opinion, that the treadmill is working properly now and there is only one plausible explanation. See Defs.' Mot. to Exclude, Exhibit A (Dkt. 66-1). The Court finds Mr. Bizzak's opinion is relevant to Plaintiffs' claim. While Defendants disagree with Mr. Bizzak's opinion, the contention remains. Mr. Bizzak's testimony tends to establish a negative fact, namely: that a malfunction in the treadmill occurred that would not ordinarily occur absent a defect. See United States v. Fearn, 589 F.2d 1316 (11th Cir. 1978).

      Additionally, Defendants have the burden to establish inadmissibility of Mr. Bizzak's testimony. U.S. v. Dupree, 569 F.2d 1061 (9th Cir. 1978). Although Defendants disagree with Mr. Bizzak's testimony, it provides the Court with one possible explanation regarding the

4

functionality of the treadmill in question. There may be other possibilities, as well as "holes" in Mr. Bizzak's opinion. These are issues, however, that Defendants may inquire into further or subject to attack on cross-examination. These possibilities do not render Mr. Bizzak's opinion irrelevant. Defendants may also attack on credibility grounds, although this does not factor in to the relevancy of Mr. Bizzak's opinion. See also United States v. Welsh, 774 F.2d 670, 672 (4th Cir. 1985) ("The credibility of a witness has nothing to do with whether or not [sic] his testimony is probative with respect to the fact it seeks to prove. . . .[T]he law does not consider credibility as a component to relevance."). The Court finds Mr. Bizzak's opinion could conceivably provide the jury with information that would assist them in determining which version of events was more likely true than not. Accordingly, Mr. Bizzak's opinion should not be excluded

### 2. Whether Defendants Have Met Expert Opinion Exclusion Standards

Fed. R. of Evid. 702 governs the admissibility of expert witness testimony. United States v. Wilson, 484 F.3d 267, 274-75 (4th Cir. 2007). In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the Supreme Court established general, flexible guidelines, for determining the admissibility of scientific expert testimony. When faced with a proffer of expert testimony, the trial judge must act as a gatekeeper. Kumho Tire Co. V. Carmichael, 526 U.S. 137, 141 (1999). Specifically, the judge "must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to 1) scientific knowledge that 2) will assist the trier of fact to understand or determine a fact in issue. Daubert, 509 U.S. at 592. The Daubert court set forth a five-factor, nondispositive test to evaluate the proffered expert testimony:

> 1) Whether the technique or theory can be or has been tested;
> 2) Whether the theory has been subject to peer review &

>publication;
>3) The known or potential rate of error;
>4) The existence and maintenance of standards and controls; and
>5) The degree to which the theory has been generally accepted in the scientific community.

Daubert, 509 U.S. at 594.

Although reliability of an expert's principles and methods, as well as the application of the facts to such methods, must be examined by the district court, the court "need not determine that the proffered expert testimony is irrefutable or certainly correct," since, like all forms of testimony, "expert testimony is subject to testing by '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." United States v. Moreland, 437 F.3d 424, 431 (4th Cir. 2006) (quoting Daubert, 509 U.S. at 596). See also Maryland Casualty Co. v. Therm-O-Disc, Inc., 137 F.3d 780, 784 (4th Cir. 1998) (finding "[a]ll Daubert demands is that the trial judge make a 'preliminary assessment'" of whether the proffered testimony is both reliable and helpful). Additionally, Fed. R. Evid. 702 does not render all expert testimony admissible; such testimony is still subject to exclusion under Fed. R. Evid. 403 if its probative value is substantially outweighed by risks of unfair prejudice, confusion, or waste of time. United States v. Scavo, 593 F.2d 837 (8th Cir. 1979). Judges, however, are given broad discretion to decide whether testimony by a qualified expert should or should not be received. Hamling v. United States, 418 U.S. 87 (1974).

Plaintiffs' counsel retained Mr. David J. Bizzak as an expert in this case. Mr. Bizzak is a principal in the firm of Romualdi Davidson & Associates, a forensic engineering firm. The scope of Mr. Bizzak's engagement was to "determine the proximate cause, or causes," of the "circumstances surrounding a June 26, 2007 incident in which Ms. Karen Hughes reported that

her Pro-Form Crosswalk 400e treadmill experienced a sudden and unexpected increase in speek...." See Defs.' Mot. to Exclude, Exhibit A (Dkt. 66-1). At the evidentiary hearing, Defendants offered no evidence to prove Mr. Bizzak's opinion was not based on a reliable foundation or not relevant to the litigation. Defendants merely argue, both in their Motion and at the hearing, that "[t]he opinions...are completely unsupported by any data or scientific methodology at all." See Defs.' Mot. to Exclude, pg. 6 (Dkt. 66). The Court rejects Defendants contention and notes that Defendants' arguments make blank assertions and conclusions but never explain precisely why Mr. Bizzak's testimony does not meet Rule 702 standards. Defendants' focus should be on the validity of the scientific methods utilized by Mr. Bizzak and not on the scientific impossibility that "a terminal speed of 9 mph was reached before [Plaintiff Hughes] fell and the safety tether cut power to the treadmill." Id. at 2.

Moreover, Defendants also argue essentially that Mr. Bizzak's testimony should be excluded because Mr. Bizzak failed to apply his scientific principles and methods reliably to the facts of the case. This argument is without merit because Mr. Bizzak performed several tests to support his assessment. These tests included: 1) a visual inspection of Plaintiffs' treadmill; 2) a measurement of belt speed utilizing a tachometer; 3) a depression of the 10 mph speed setting to determine the rate of speed increase; 4) an examination of the PCBs; 5) calibration mode testing; and 6) an electrical distribution system test of Plaintiffs' residence, including electrical wiring measurements. Based on his experience and the testing outlined above, Mr. Bizzak determined that "[g]iven [Plaintiff's] description of the incident, it is unlikely that a terminal speed of 9 mph was reached before she fell and the safety tether cut power to the treadmill." See Defs.' Mot. to Exclude, Exhibit A (Dkt. 66-1). In light of the testing that was performed by Mr. Bizzak, as well

7

as, the lack of evidence suggesting that any of such testing was unreliable, Defendants' allegations go more to the weight of the expert testimony than to its admissibility. See Schmude v. Tricam Indus., 556 F.3d 624, 625-26 (7th Cir. 2009) (rejecting defendant's claim of error regarding plaintiff's expert's failure to perform testing that replicated a ladder's collapse and noting defendant failed to establish what kind of test would prove whether the hypothesized cause for the collapse was correct). Moreover, the Court does not find that the provative value of Mr. Bizzak's opinion is substantially outweighed by the danger of unfair prejudice so as to preclude admissible under Fed. R. Evid. 403 grounds. Accordingly, the Court finds Defendants have not met their burden of establishing Mr. Bizzak's testimony is inadmissible. See U.S. v. Dupree, 569 F.2d 1061 (9th Cir. 1978).

### 3. Timing of Defendants' Motion to Exclude

Finally, discovery has not been completed in this litigation. Defendants filed this instant Motion to Exclude without responding to Plaintiffs' discovery requests thereby rendering their Motion to Exclude extremely premature. There may be other facts Mr. Bizzak will use to further refine his opinion, and there may be other facts that Defendants discover that would support a Daubert challenge to Mr. Bizzak's testimony. (emphasis added). Accordingly, the Court finds Defendants Motion to be precipitate given the undeveloped nature of pending discovery.

C. Decision

Defendants' motion is **DENIED** because Mr. Bizzak's opinion is relevant to Plaintiffs' claim, Defendants offered no evidence to challenge Mr. Bizzack's opinion under Daubert, and the motion is premature in the extreme.

Any party who appears pro se and any counsel of record, as applicable, may, within

8

fourteen (14) days from the date of this Memorandum Opinion and Order, file with the Clerk of the Court the written objections identifying the portions of the Memorandum Opinion and Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Memorandum Opinion and Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Memorandum Opinion and Order.

The Clerk of the Court is directed to provide a copy of this Memorandum Opinion and Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: December 16, 2010                   /s/ James E. Seibert
                                           JAMES E. SEIBERT
                                           UNITED STATES MAGISTRATE JUDGE