IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KAREN HUGHES and
FRANK HUGHES,

        Plaintiffs,

v.                                                                                         Civ. Action No. 2:09-cv-93

SEARS, ROEBUCK AND CO., and
ICON HEALTH AND FITNESS, INC.,
and JOHN DOE,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' APPLICATION FOR AWARD
OF ATTORNEYS' FEES AND COSTS**

This matter comes before the Court on Plaintiffs' Application for Award of Attorneys' Fees and Costs filed March 25, 2011.[1] The Court provided Defendant, Icon Health and Fitness, Inc. (hereinafter "Icon"), an Opportunity to Be Heard on Plaintiffs' Application on April 20, 2011. Plaintiffs, Karen and Frank Hughes, appeared by Jeffrey D. Van Volkenburg, Esq., by phone. Defendant, Icon, appeared by Jeffrey A. Kimble, Esq., by phone. No testimony was taken nor was any other evidence adduced.

**I. INTRODUCTION**

A.     Background

This action was initially filed on June 25, 2009 in the Circuit Court of Barbour County, West Virginia seeking recovery for injuries suffered by Plaintiff, Karen Hughes, allegedly resulting from a treadmill malfunction. Defendants timely removed to federal court under 28

---

[1] Dkt. No. 115.

1

U.S.C. § 1441 on July 29, 2009 alleging diversity jurisdiction. Plaintiffs filed the instant Motion seeking reasonable expenses incurred as a result of Plaintiffs' filing of their Motion to Compel.

B. The Motions

    1. Plaintiffs' Application for Award of Attorneys' Fees and Costs.[2]

C. Decision

Plaintiffs' Application for Award of Attorneys' Fees and Costs is **GRANTED** in the amount of Two Thousand Six Hundred Sixty-Eight Dollars ($2,668.00) because Icon's non-disclosure was not substantially justified.

## II. FACTS

    1. On March 25, 2011, Plaintiffs filed an Application for Award of Attorneys' Fees and Costs.[3]

    2. The Court entered an Order setting Defendant's Opportunity to be Heard on Plaintiff's Application for April 20, 2011.

    3. On April 20, 2011, the Opportunity to be Heard was held.

## III. PLAINTIFFS' APPLICATION FOR AWARD OF ATTORNEYS' FEES AND COSTS

A. Contentions of the Parties

In their Application, Plaintiffs move for an order "requiring Icon to pay Plaintiffs reasonable expenses, including attorneys' fees, incurred in making its previously filed Motion to Compel Discovery, filed on or about March 2, 2011." See Pls.' Mot., Pg. 1 (Dkt. 115). Plaintiffs

---

[2] Dkt. No. 115.

[3] Id.

direct the Court to Fed. R. Civ. P. 37(a)(5)(A) which, Plaintiff argues, "authorizes this Court to award expenses, including attorney's fees, after a Court grants a Motion to Compel." Id. Specifically, Plaintiffs contend an award of reasonable expenses is required unless an opposing party can demonstrate that its actions were substantially justified or an award of costs would be unjust. Id. at 1-2. Plaintiffs request "reasonable expenses, including attorneys' fees, in the amount of Two Thousand Six Hundred Sixty-Eight Dollars ($2668.00) for the representation of Plaintiffs in the forgoing *Motion to Compel Discovery*...." Id. at 2. (emphasis in original).

Icon did not submit a written response to Plaintiffs' Application. At the hearing, however, Icon proffered two arguments as to why Plaintiffs were not entitled to reasonable expenses. First, Icon argues Plaintiffs did not attempt, in good faith, to obtain the information sought before seeking court action. Icon essentially contends Plaintiffs should have plainly stated that they were seeking the discovery Icon produced in the Salter case. Additionally, Icon argues its non-disclosure of the requested information was substantially justified because Icon viewed the issue as a genuine and legitimate dispute. Icon requests the Court to deny Plaintiffs' request for reasonable expenses.

B.   Discussion

Fed. R. Civ. P. 37(a)(5)(A) provides for payment of expenses if a motion for an order compelling discovery is granted. Specifically, Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If the motion is granted–or if the disclosure of requested discovery is provided after thee motion was filed–the court *must*, after giving an opportunity to be heard, require the party...whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order

3

> this payment if: the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37 (a)(5)(A) (emphasis added).

An Order confirming the pronounced Order of the Court was entered March 16, 2011 requiring Icon to "diligently examine all of [Icon's] existing files related to its treadmills and re-answer Plaintiffs' Interrogatory #2 on or before April 1, 2011." See Order, Pg. 2 (Dkt. 107). The Order was affirmed by the district court on March 24, 2011. A review of Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure authorizes a court to award expenses, including attorney's fees, if a motion to compel is granted. This award of reasonable expenses, however, must not be ordered if substantial justification exists for the opposing party's non-disclosure or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

Icon argues substantial justification exists for its non-disclosure because it "viewed the issue as a genuine and legitimate dispute." See Transcript, Pg. 3 (Dkt. 134). The Court, however, declines to find this constitutes sufficient justification to excuse Icon's failure to respond adequately to Plaintiffs' discovery requests. Specifically, Plaintiffs' Interrogatory Number 2 requested "*each and every* civil action filed against Icon in any state or federal court during the last fifteen (15) years alleging a defect in design or manufacturing for any treadmill designed or manufactured by Icon...." See Pls.' Mot. to Compel, Pg. 2 (Dkt. 96) (emphasis added). Icon objected but noted that "the instant matter is the only lawsuit in our database involving this model treadmill." See Pls.' Mot. to Compel, Pg. 2 (Dkt. 96). The Court reiterates that Icon was less-than-candid in its discovery response to Interrogatory Number 2 and should

have disclosed Salter v. Sears, Roebuck and Co., a 2008 New York state case similar to the current litigation, as well as, any other relevant civil action. Accordingly, Icon's argument is unpersuasive.

Icon also essentially argues that it was confused with Plaintiffs' Interrogatory Number 2. Specifically, Icon's counsel contends "the discovery provided by Icon in the Salter case was the primary basis for renewing the discussion over Interrogatory Number 2," and "had the plaintiffs made this known to Icon, the parties would have had an opportunity to discuss Salter's application to Interrogatory Number 2." See Transcript, Pg. 3 (Dkt. 134). This argument is also without merit because Plaintiffs' discovery request quite clearly conveyed to Icon that it should have disclosed Salter at the outset. Icon's argument is without merit and, thus, fails to substantially justify its failure to disclose. Accordingly, Plaintiffs are entitled to receive all reasonable fees and expenses, including attorney's fees, incurred in filing their Motion to Compel in the amount of Two Thousand Six Hundred Sixty-Eight Dollars ($2,668.00).

C. Decision

Plaintiffs' Application for Award of Attorneys' Fees and Costs is **GRANTED** in the amount of Two Thousand Six Hundred Sixty-Eight Dollars ($2,668.00) because Icon's non-disclosure was not substantially justified.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth

above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**                    /s/ *James E. Seibert*

DATED: June 30, 2011                     JAMES E. SEIBERT
                                         UNITED STATES MAGISTRATE JUDGE