IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KAREN HUGHES and
FRANK HUGHES,

        Plaintiffs,

v.                                              Civ. Action No. 2:09-cv-93

SEARS, ROEBUCK AND CO., and
ICON HEALTH AND FITNESS, INC.,
and JOHN DOE,

        Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR PROTECTIVE ORDER BUT GRANTING SOME
OTHER RELIEF REQUESTED**

This matter comes before the Court on Defendant's, Sears, Roebuck & Co., Motion for Entry of Protective Order filed June 24, 2011.[1] The Court held an evidentiary hearing and argument on Defendant's Motion on June 30, 2011. Plaintiffs, Karen and Frank Hughes, appeared by Jeffrey D. Van Volkenburg, Esq., by telephone. Defendant, Sears, Roebuck and Co. (hereinafter "Sears"), appeared by Jeffrey A. Kimble, Esq., by telephone. No testimony was taken nor was any other evidence adduced.

## I. INTRODUCTION

A.    Background

This action was initially filed on June 25, 2009 in the Circuit Court of Barbour County, West Virginia seeking recovery for injuries suffered by Plaintiff, Karen Hughes, allegedly resulting from a treadmill malfunction. Defendants timely removed to federal court under 28

---

[1] Dkt. No. 150.

1

U.S.C. § 1441 on July 29, 2009 alleging diversity jurisdiction. Defendant filed its Motion for Entry of Protective Order on June 24, 2011 requesting the Court to relieve "it of any obligation to produce for deposition the paralegals stated on the notices of depositions served by [P]laintiffs on June 22, 2011." See Def.'s Mem., Pg. 1 (Dkt. 150-1).

B.    The Motion

    1.    Defendant's Motion for Entry of Protective Order.[2]

C.    Decision

Defendant's Motion for Entry of Protective Order is **DENIED** because Defendant's paralegals are not the trial or litigation counsel of record and it is unlikely Plaintiff's questioning would expose Defendant's litigation strategy in the pending case.

Sears's paralegals must appear for depositions on July 16, 2011 at 9:00am in Wheeling Magistrate Judge Courtroom, United States Courthouse, 4th Floor, 1125 Chapline Street, Wheeling, West Virginia 26003. Plaintiffs are permitted a total of three (3) depositions lasting two (2) hours each. The schedule of these depositions is as follows:

> Deposition No. 1: Begins at 9:00am until 11:00am
> Break from 11:00am until 11:15am
> Deposition No. 2: Begins at 11:15am until 1:15pm
> Break from 1:15pm until 1:30pm
> Deposition No. 3: Begins at 1:30pm until 3:30pm

Plaintiffs' request for their attorneys' fees and costs associated with responding to Defendant's Motion is **DENIED** because it is that rarest of all endangered species–a legitimate discovery dispute.

## II. FACTS

1.    On June 24, 2011, Defendant filed its Motion for Entry of Protective Order and its

---

[2] Dkt. No. 150.

        Memorandum in Support of its Motion.[3]

2. This Court set an evidentiary hearing and argument on Defendant's Motion to be held June 30, 2011.

3. On June 29, 2011, Plaintiffs filed their Response to Defendant's Motion for Entry of Protective Order.[4]

4. The evidentiary hearing and argument was held on June 30, 2011 wherein the Court directed the parties to provide additional briefing on the issue of the propriety of deposing attorneys and legal staff involved in the present litigation.

5. On July 1, 2011, Plaintiffs filed a Supplemental Submission requesting Defendant's Motion for Entry of Protective Order be denied.[5]

6. On July 6, 2011, Defendant filed its Supplemental Submission.[6]

7. Plaintiffs filed their Response to Defendant's Supplemental Memorandum on July 6, 2011.[7]

## III. DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER

A. Contentions of the Parties

In support of its Motion, Defendant Sears requests this Court to enter a protective order "relieving it of any obligation to produce for deposition the paralegals stated on the notices of

---

[3] Id.

[4] Dkt. No. 155.

[5] Dkt. No. 167.

[6] Dkt. No. 174.

[7] Dkt. No. 175.

deposition served by [P]laintiffs on June 22, 2011." See Def.'s Mem., Pg. 1 (Dkt. 150-1). Sears argues that the burden and expense of the proposed discovery outweighs the likely benefit. Specifically, Sears states that "much of what the [paralegals] would know would be protected by attorney-client privilege and/or work product doctrine, so, if the depositions occurred, there would likely be many objections on the basis of privilege...[t]herefore, any likely benefit would be minimal." Id. at 6-7. Sears additionally argues that the burden and expense would be great due to the inconvenience and expense of requiring these paralegals to travel to West Virginia.

Sears proffers a second argument as to why a protective order should issue. It contends a protective order is warranted because Plaintiffs have not provided sufficient information to determine whether the information Plaintiff seeks to uncover in the depositions is: 1) available from an alternative source, 2) necessary and appropriate, and 3) "steers clear" of privileged information. Id. at 8. Sears asserts an alternative argument, should the Court order the depositions to proceed. Sears requests an Order 1) limiting the deposition topics to specific subject matters, 2) limiting the number of depositions permitted, and 3) requiring the depositions to be conducted either in Chicago, Illinois or via video conference or telephone to avoid excess expense and inconvenience. Id. at 9.

In opposition to Sears's Motion, Plaintiffs assert that they "seek valuable, relevant information from the requested deponents and there is no valid reason for prohibiting the depositions of the requested individuals." See Pl.'s Resp., Pg. 2 (Dkt. 155). Plaintiffs argue no undue burden or expense is established in permitting these depositions for several reasons. Plaintiff contends "Sears availed itself of the opportunity to conduct business in the State of West Virginia" and, essentially, should be available to be deposed in this jurisdiction. Id. at 4.

4

Moreover, Plaintiffs highlight that "there has not been a single representative of Sears that has been deposed in this litigation" and "it is likely that the requested depositions could be completed in a single day." Id. This, Plaintiff argues, eliminates the need for Sears to expend significant time and resources on these requested depositions. Id.

Plaintiffs also distinguish Defendant's reliance on Carr v. Double T. Diner by stating that the "requested deponents are not 'high ranking corporate officers' but rather paralegals that handle claims asserted against Sears similar to the case *sub judice*." Id. at 6 (quoting Carr v. Double T. Diner, 272 F.R.D. 431, 434 (D. Md. 2010)). The current case, Plaintiffs contend, is also different because Plaintiffs only seek non-privileged and non-protected information. Plaintiffs argue that they should not be required "to produce a line of questions or depositions outline in advance of the depositions so that [Defendant] can determine what questions are to be asked of its employees." Id. at 7. Plaintiffs also request a award of attorneys' fees and costs in responding to Defendant's Motion.

In Plaintiffs' Supplemental Submission requesting a denial of Defendant's Motion for Entry of Protective Order, Plaintiffs maintain their depositions requests are proper. Plaintiffs suggests to the Court Asbury v. Linton Loan Servicing, LP, Civil Action No. 3:07-0500, 2009 U.S. Dist. LEXIS 30882 (S.D.W. Va. April 9, 2009) and Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1987) as support that Plaintiffs' requested depositions of the paralegals are acceptable. Plaintiffs distinguish the present case from the two previously-referenced cases because "Plaintiffs are not seeking to actually depose an attorney at all...[but merely] in-house paralegals...[that] are primarily used for information gathering...." See Pl.'s Supp., Pg. 6-7 (Dkt. 167). Plaintiffs additionally argue the paralegals' depositions are required for several reasons: 1)

5

to ascertain whether Sears employees knew or should have known about claims of sudden acceleration involving Icon treadmills and how wide-spread the issue of sudden acceleration was; 2) to inquire how a tender of defense and indemnification by Sears to Icon was made and accepted; and 3) to determine whether Defendant complied with its duties under the Federal Rules of Civil Procedure and the Court's Order of December 3, 2011. Id. at 8-9. Plaintiffs lastly assert that this information is not able to be obtained from any other source and seek an Order denying Defendant's Motion for Protective Order.

B.   Discussion

Under the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Such [l]iberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, or litigated disputes. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). "The Rules do not differentiate between information that is private or intimate and that to which no privacy interests attach...thus, the Rules often allow extensive intrusion into the affairs of litigants...." Id. at 30.

Although information is not shielded from discovery on the sole basis that the information is confidential, a party may request the court to enter a protective order pursuant to Fed. R. Civ. P. 26(c) as a means to protect such confidential information. To obtain a protective order, the party resisting discovery must establish that the information sought is covered by Fed.

6

R. Civ. P. 26(c) and that it will be harmed by disclosure."[8] In re Wilson, 149 F.3d 249, 252 (4th Cir. 1998). In determining whether good cause exists to issue a protective order prohibiting the dissemination of documents or other materials obtained in discovery, the movant must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981). See also Aetna Cas. & Sur. Co. v. George Hyman Const. Co, 155 F.R.D. 113, 115-16 (E.D. Pa. 1994) (initial inquiry is whether movant has shown disclosure will result in clearly defined and very serious injury).

Fed. R. Civ. P. 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense...." Information sought by means of the discovery process must be relevant to the issues in action or must be useful in uncovering the existence of information relevant to the issues in the case. In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1189 (10th Cir. 2009). While evidence need not be admissible at trial, "[d]iscovery of matter not reasonably calculated to lead to discovery of admissible evidence is not within the scope of Rule 26(b)(1)." Oppenheimer Fund v. Sanders, 437 U.S. 340, 352, 98 S. Ct. 2380 (1978). Generally, Fed. R. Civ. P. 26(b) enables parties to discover any unprivileged evidence or information relevant to their claim. Fed. R. Civ. P. 26(b)(1).

District courts, however, have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce. Fed. R. Civ. P. 26(b)(2). The desire to allow broad discovery is not without limits and the court is given wide

---

[8] Fed. R. Civ. P. 26(c) provides in relevant part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...."

discretion in balancing the needs and rights of both plaintiff and defendant. Surles v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007). See also Trevino v. Celanese Corp., 701 F.2d 397, 406 (5th Cir. 1983) (finding scope of discovery limited only by relevance and burdensomeness). Specifically, the Federal Rules of Civil Procedure instruct district courts to limit discovery where its burden or expense outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(iii).

The Federal Rules of Civil Procedures do not explicitly prohibit the deposition of the opposing party's attorney. Fed. R. Civ. P. 26-32; Shelton v. American Motors Co., 805 F.2d 1323 (8th Cir. 1987). Federal courts, however, have not looked with favor upon attempts to depose opposing counsel. Shelton, 805 F.2d at 1327. Deposing an opponent's attorney is a drastic measure and is infrequently proper. M & R Amusements Corp. v. Blair, 142 F.R.D. 304, 305 (N.D. Ill. 1992). Though not absolutely immune from being deposed, deposing an opposing counsel is a negative development in the area of litigation and should be permitted only in limited circumstances. Shelton v. American Motors Co., 805 F.2d 1323, 1327 (8th Cir. 1987). Federal courts exercise great care before permitting the deposition of a party's attorney and said deposition should be limited to situations where the party seeking to take the deposition has shown that: "1) no other means exist to obtain the information than to depose opposing counsel,...2) the information sought is relevant and nonprivileged; and 3) the information is crucial to the preparation of the case." Shelton, 805 F.2d at 1327. In general terms, the party seeking to depose an opposing counsel has to "establish a legitimate basis for requesting the

deposition and demonstrate that the deposition will not otherwise prove overly disruptive or burdensome." N.F.A. Corp. v. Riverview Narrow Fabrics, 117 F.R.D. 83, 85 (M.D.N.C. 1987).

The question presented by Defendant's Motion is whether it is appropriate for a party to depose an opposing party's paralegals. The Federal Rules of Civil Procedure do not specifically prohibit this. In fact, Rule 30(a) states that a party may take the deposition of "any person." Fed. R. Civ. P. 30(a). The Court notes that the case authority discussed herein relates to the issue of deposing opposing counsel and not an opposing party's paralegals, however, neither party provided case authority as to this issue and the Court finds that a paralegal is comparable to an attorney for the purposes of this discussion. The seminal case on the issue of deposing opposing counsel is Shelton v. American Motors Co., 805 F.2d 1323 (8th Cir. 1987). Under this three-pronged test, depositions of opposing counsel are limited to situations where the party seeking to take the deposition has shown that: "1) no other means exist to obtain the information than to depose opposing counsel,...2) the information sought is relevant and nonprivileged; and 3) the information is crucial to the preparation of the case." Shelton, 805 F.2d at 1327.

Prior to applying these factors, the Court must address a threshold matter as to the applicability of the Shelton test. Namely, is the present situation one where the purposes of Shelton test are implicated. The Shelton test is applicable in only two instances: 1) when trial or litigation counsel are being deposed or 2) where the subject matter of the deposition may elicit litigation strategy. See Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726 (8th Cir. 2002). In this case, Sears's paralegals are not the trial or litigation counsel of record. Moreover, Plaintiffs argue Defendant's documentation disclosed during discovery indicate the Sears paralegals are not actively litigating cases but are primarily used for information gathering. See Pl.'s Supp.

9

Resp., Exh. B (Dkt. 167). Upon review of this documentation, the Court finds Sears's paralegals are not engaged in formulating litigation strategy nor would Plaintiffs' line of questioning likely expose litigation strategy in the pending case. Therefore, the Shelton test is inapplicable to the present matter.

Sears's paralegals must appear for depositions on July 16, 2011 at 9:00am in Wheeling Magistrate Judge Courtroom, United States Courthouse, 4th Floor, 1125 Chapline Street, Wheeling, West Virginia 26003. Plaintiffs are permitted a total of three (3) depositions lasting two (2) hours each. The schedule of these depositions is as follows:

> Deposition No. 1: Begins at 9:00am until 11:00am
> Break from 11:00am until 11:15am
> Deposition No. 2: Begins at 11:15am until 1:15pm
> Break from 1:15pm until 1:30pm
> Deposition No. 3: Begins at 1:30pm until 3:30pm

Notwithstanding the above discussion, the Court will not permit Plaintiffs to inquire into the litigation strategy known by Sears's paralegals. Accordingly, the Court limits the deposition subjects as follows: Plaintiffs may inquire into 1) knowledge of documents previously produced in litigation by Defendant; 2) whether Sears's paralegals knew about claims of sudden acceleration involving Icon treadmills; 3) whether Sears's paralegals were aware of any non-privileged information of how a tender of defense and indemnification by Sears to Icon was made and accepted; and 4) whether Sears's paralegals are aware of any non-privileged internal correspondences for the twenty-nine (29) civil actions disclosed to Plaintiffs during discovery. The Court will not permit Plaintiffs to elicit any litigation strategy from Sears's paralegals nor any information protected by attorney-client privilege or work product doctrine. Additionally, Plaintiffs will bear the transportation and lodging expenses of Sears's paralegals. Counsel are,

again, advised that July 16, 2011 is the third day of Jamboree in the Hills and that local lodging is unlikely to be available.

C.	Decision

Defendant's Motion for Entry of Protective Order is **DENIED** because Defendant's paralegals are not the trial or litigation counsel of record and it is unlikely Plaintiff's questioning would expose Defendant's litigation strategy in the pending case.

Sears's paralegals must appear for depositions on July 16, 2011 at 9:00am in Wheeling Magistrate Judge Courtroom, United States Courthouse, 4th Floor, 1125 Chapline Street, Wheeling, West Virginia 26003. Plaintiffs are permitted a total of three (3) depositions lasting two (2) hours each. The schedule of these depositions is as follows:

> Deposition No. 1: Begins at 9:00am until 11:00am
> Break from 11:00am until 11:15am
> Deposition No. 2: Begins at 11:15am until 1:15pm
> Break from 1:15pm until 1:30pm
> Deposition No. 3: Begins at 1:30pm until 3:30pm

Plaintiffs' request for their attorneys' fees and costs associated with responding to Defendant's Motion is **DENIED** because it is that rarest of all endangered species–a legitimate discovery dispute.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such

Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**
DATED: July 7, 2011

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE